UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

EAGLE NORTH AMERICA, INC.

    Plaintiff,

v.                       407CV131

TRONOX, LLC,

    Defendant.

## ORDER

### I. BACKGROUND

Defendant Tronox, LLC initially moved the Court to dismiss this breach of construction contract case for lack of personal jurisdiction and venue. Doc. # 4. It has since withdrawn its jurisdictional challenge, however, in light of *Intercontinental Hotels Group, Inc. v. Weis Builders, Inc.*, 2007 WL 1308504 (N.D.Ga. 5/2/07) (unpublished),[1] *vacated on other grounds*, 2007 WL 2705559 (N.D.Ga. 9/12/07) (unpublished), and now renews its venue motion. Doc. # 9.

This case, it now argues, should be transferred to a Mississippi federal district court on convenience grounds. Doc. # 9 at 1-7 (citing 28 U.S.C. § 1404(a)). Alternatively, it should be 28 U.S.C. § 1391(c)-transferred to the Northern District of Georgia, home of Tronox's certificate of authority to do business in Georgia and its registered agent.[2] *Id.* at 7-8. Plaintiff Eagle North America, Inc., opposes. Doc. ## 7, 10.

### II. ANALYSIS

#### A. 28 U.S.C. § 1391(a) Venue

Venue is governed by the general venue statute, 28 U.S.C. § 1391, special venue statutes, and 28 U.S.C. §§ 1404 and 1406, which address improper venue and change of venue. *Abrams Shell v. Shell Oil Co.*, 165 F.Supp.2d 1096, 1102 (C.D.Cal. 2001).

To change venue one may argue that: (1) it is improper, so a court must then dismiss or transfer the case under § 1406; or (2) it is proper, but the court should apply § 1404 to transfer the case to another district on convenience grounds. In either case, proper venue is first determined under § 1391, *if* no special venue statutes apply for given causes of action (*e.g.*, Copyright, RICO claims). *Abrams*, 165 F.Supp.2d at 1102.

Here the parties' opening briefs focus on Tronox's general venue challenge under § 1391(a). Doc. # 5 at 5-6; # 7 at 11-13.

---

[1] Similar to this case, *Weis* involved breach of construction contract claims, only the plaintiff there sought an F.R.Civ.P. 55 default judgment. That required the district court to ensure that personal jurisdiction had been sufficiently pled:

> The Court ... finds that it has personal jurisdiction over [the defendant], which has a Certificate of Authority from the Georgia Secretary of State authorizing it to do business in Georgia. *See Allstate Ins. Co. v.. Klein*, 422 S.E.2d 863, 865 (Ga.1992) (noting that a corporation with a Certificate of Authority at the time a claim arises "is a resident [of Georgia] for purposes of personal jurisdiction ... in an action filed in the courts of this state.").

*Intercontinental*, 2007 WL 1308504 at * 1. Tronox has a Certificate of Authority from the Georgia Secretary of State authorizing it to do business in Georgia. Doc. # 7 exh. A at 5. Tronox points out, however, that its agent for service of process is located in the *Northern* District of Georgia, not this (the *Southern*) District. Doc. # 9 at 8.

[2] Tronox does not challenge Eagle's diversity jurisdiction (28 U.S.C. § 1332) pleading. *See* doc. # 1 at 2 ¶ 3.

Challenges to the propriety of a plaintiff's chosen forum are properly made under an F.R.Civ.P. (12)(b)(3) motion. *Tritak v. Metropolitan Cas. Ins. Co.*, 2008 WL 312675 at * 1 (M.D.Fla. 2/4/08) (unpublished). While Rule 12(b)(3) provides the vehicle for challenging venue, the standard for determining a venue's propriety "generally appears in 28 U.S.C. § 1391." *Id.*; *see also* 5B WRIGHT & MILLER FED.PRAC.PROC. (*Improper Venue*) § 1352 at 318-19 (2008). Some courts say that, "[o]n a Rule 12(b)(3) motion to dismiss, the plaintiff has the burden of showing that venue in its chosen forum is proper." *Gulf Power Co. v. Coalsales II, LLC,* 2008 WL 563484 at * 5 (N.D.Fla. 2/27/08) (unpublished).[3]

Tronox initially tied its general venue challenge to its personal jurisdiction challenge. Doc. # 5 at 1; *see also id.* at 5-6 (arguing that, even if personal jurisdiction exists, Eagle cannot satisfy any of the § 1391(a) venue provisions). But after conceding personal jurisdiction, it fell silent on its § 1391(a) venue challenge and now presses forward on its only other argument -- that the Court should transfer this case under 28 U.S.C. § 1404(a) to Mississippi on *convenience* grounds, and if not then the Court should at least conclude that the Northern District of Georgia is the proper venue under § 1391(c). Doc. # 9 at 1-8.

Tronox's silence on the § 1391(a) issue, Eagle contends, constitutes a tacit admission about venue: "While Tronox now acknowledges that the District Court's personal jurisdiction over a foreign corporation also establishes proper *venue,* it contends that personal jurisdiction[4] over it cannot be established in the Southern District." Doc. # 10 at 1 (emphasis and footnote added).

Personal jurisdiction generally establishes venue over corporations. 28 U.S.C. § 1391(a) says that in diversity cases a civil action may be brought in "(1) a judicial district where any defendant resides, if all defendants reside in the same State...." 28 U.S.C. § 1391(a); *see also* 17 MOORE'S FED.PRAC.3D § 11.02[1][b] (2007) ("[i]f all the defendants reside in a particular state, there will be jurisdiction over all of them, in addition to venue being proper in a district in that state"). 28 U.S.C. § 1391(c) specifies that "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced," 28 U.S.C. § 1391(c), and if a State has more than one district then "the corporation shall be deemed to reside in the district within which it has the most significant contacts." *Id.*

Georgia has three such districts, and Eagle insists -- albeit conclusorily -- that Tronox's contacts with the Southern District of Georgia are significant enough to support venue. Doc. # 7 at 5; # 10 at 1-2 (both of Eagle's briefs cite just one sentence in its Complaint, doc. 1 ¶ 5 ("Tronox, LLC regularly transacts business in this judicial district")). Tronox denies sufficient contacts with this District but concedes that its Certificate of Authority and Registered Agent can establish venue in the Northern District of Georgia. Doc. # 9 at 7-8.

In that this Court has personal jurisdiction over Tronox, venue is proper *in some* Georgia

---

[3] In this context, a court accepts the facts in the plaintiff's Complaint as true, and may also consider matters outside the pleadings if presented in proper form by the parties. Where there is a conflict between the Complaint's allegations and any evidence falling outside of the pleadings, courts must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff. *Id.*

[4] Eagle must have meant "venue," as Tronox did *not* continue to press lack of personal jurisdiction in its latest brief.

judicial district. But by moving to transfer this case to Mississippi, Tronox waives any argument over this Court's authority to decide transfer if in fact venue is absent.[5]

### B. 28 U.S.C. § 1404(a) Transfer

Even if venue is proper in this District, it can still be changed to Mississippi under 28 U.S.C. § 1404(a) if Tronox can overcome the presumption in favor of Eagle's choice of forum. A district court "may transfer any case to any other district where the case originally may have been brought," *Tritak*, 2008 WL 312675 at * 3, and there is no dispute that this case could have been brought in Mississippi, where Eagle (as is further discussed *infra*) attempted to perform the contract in question.

Tronox thus must show that the balance of convenience strongly favors the transfer of this case to Mississippi. *Anthony Sterling, M.D. v. Provident Life and Acc. Ins. Co.*, 519 F.Supp.2d 1195, 1206 (M.D.Fla. 2007). More specifically, because Eagle chose venue here, Tronox now bears the burden of proving that a transfer of venue there would be clearly more convenient for the parties and witnesses, and would be in the interest of justice. *Bascom v. Maxim Integrated Products, Inc.*, 534 F.Supp.2d 700, 702 (W.D.Tex. 2008). If the transferee forum is no more convenient than the chosen forum, then Eagle's choice should not be disturbed. *Id.*

In a footnote the Eleventh Circuit enumerated these § 1404(a) transfer factors:

---

[5] In that defendants can waive their right to challenge venue outright, *Booth v. Carnival Corp.*, ___ F.3d ___, 2008 WL 857680 at * 3 (11th Cir. 4/1/08) ("[d]efendants can, and often do, waive their defense of improper venue"), it is but a short step for this Court to find such limited waiver here.

(1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n. 1 (11th Cir. 2005). Addressing venue more directly, other courts have broken these criteria down to "public interest" and "private interest" factors. *Hills v. Brinks, Inc.*, 2008 WL 243944 at * 4 (E.D.La. 1/25/08) (unpublished). The private factors (relative ease and access to sources of proof, availability of compulsory process to secure the attendance of witnesses, etc.) for the most part repeat the *Manuel* factors but in other form. *Id.* The public interest factors somewhat duplicate the *Manuel* factors, but there are some additions:

(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. No one of these factors can be said to be of dispositive weight.

*Hills*, 2008 WL 243944 at * 4 (quotes and cite omitted).

Here it is undisputed that Eagle is a South Carolina corporation with its principal place of

business within the Southern District of Georgia. Doc. # 1 ¶ 1. Eagle provides dredging and dewatering services, while Tronox manufactures a pigment used to whiten and brighten consumer products. In 11/06, the parties contracted for Eagle to dredge out settled residual solids from two of Tronox's Mississippi collection ponds. Tronox was supposed to, yet failed to control, pond surface water levels to enable optimal sludge removal by Eagle. *Id.* ¶¶ 2-12.

Eagle repeatedly but futilely complained of that failure to Tronox. *Id.* ¶ 13. Because Tronox persistently failed to respond, Eagle terminated the contract. *Id.* ¶ 14. Plaintiff now seeks lost profits (*i.e.*, damages "measured by the amount of compensation it was prevented from receiving under the [contract] as a result of Tronox's failure to control the surface water levels of [the ponds]"). *Id.* ¶ 15.

Tronox, which unsurprisingly advances a different version of the events (it claims that Eagle underbid the job, under-resourced its effort to the point of failure, is fabricating excuses to cover its rear end, and has simply won the race to the courthouse here, doc. # 9 at 2 n. 1); *but see* doc. # 10 at 3-4 (Eagle flatly denies these points), counters that

> [f]or more than a year, Eagle performed dredging operations at Tronox's ... Mississippi, facility.... Eagle mobilized operations to Mississippi, moved key personnel there, purchased tens (perhaps hundreds) of thousands of dollars worth of equipment for use there, and employed dozens of local residents. Eagle negotiated and entered into a contract ... in the State of Mississippi that is governed by Mississippi law. Yet Eagle now complains that litigating these claims in the Northern District of Mississippi would be inconvenient. By agreeing to work in Mississippi, entering into a contract governed by Mississippi law, and mobilizing its resources to Mississippi, Eagle availed itself of the laws of the State of Mississippi. Accordingly, its complaints as to inconvenience ring hollow.

Doc. # 9 at 2. The Southern District of Georgia, Tronox concludes, "has no connection with the operative facts at issue, nor does it have any interest in the litigation," *id.*, while "Eagle overstates any inconvenience it might suffer due to the transfer, and its choice of forum deserves minimal, if any, deference." *Id.*

Tronox also notes that: Mississippi law applies per the parties' contract; all of the operative events in this case occurred in Mississippi; Tronox's ponds will be the subject of extensive discovery, expert investigations, and a potential jury view; many nonparty witnesses (government regulators, local labor that Eagle hired) are Mississippi-located; and the local Mississippi federal court can compel the attendance of potential witnesses. *Id.* at 3-4.

As for Eagle's claim that it's less wealthy than Tronox, defendant argues that this should be dismissed factually and, for that matter, is unsupported by legal authority. Tronox reminds the Court that a plaintiff's forum choice is accorded little weight if the majority of the operative events happened elsewhere. *Id.* at 5-6.

Eagle counters that the key witnesses in this case are the parties and thus they are evenly split between the two potential forums. Doc. # 10 at 7. Tronox, Eagle contends, has failed to identify the Mississippi environmental officials

and local laborers to which it adverts.[6] Nor does it show how those witnesses would have any relevant information on this, a garden variety, contract-breach case. *Id.* Extra-district witnesses can always be deposed, *id.*, and expert witnesses hail from all over, so Tronox's inconvenience claim on that score is unconvincing. *Id.* at 8-9.

Next, Eagle argues, Mississippi law is similar to Georgia law, so this Court's unfamiliarity with Mississippi law should not weigh much here. Doc. # 10 at 9-10. And jury visits to out-of-court sites are very rare. Tronox also does not dispute Eagle's assertion that the subject ponds have been substantially altered since the time period relevant to the instant contract dispute, thus rendering jury and/or expert review of the ponds largely irrelevant. *Id.* at 10-11.

The Court acknowledges the baseline from which other courts proceed -- that "unless the balance of factors is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Mamani v. Sanchez de Lozada Sanchez Bustamante*, ___ F.Supp.2d ___, 2008 WL 1752985 at * 2 (D.Md. 4/15/08) (quotes and cite omitted). However, a plaintiff's forum choice is a factor that

> has minimal value, or should be given less consideration ... where none of the conduct complained of occurred in the forum selected by [the plaintiff], *or* where the forum chosen has otherwise had no connection with the matter in controversy, *or* where the plaintiff, seeking a declaratory judgment, "outraced" the defendant to the courthouse [Eagle won the race here, though it is not seeking a declaratory judgment]. A plaintiff may not, by choice of an inconvenient forum, vex, harass, or oppress the defendant by inflicting upon him expense or trouble not necessary to his own rights to pursue his remedy.

Ann., 1 A.L.R.FED. 15 § 5[a] (*Effect of plaintiff's choice of forum--Generally*) (1969) (footnotes omitted; emphasis added).

This is a reasonably close, if not difficult, case to decide, and both parties have presented convincing briefs to the Court. On balance, however, the decision here must go to Tronox because: the contract's alleged breach occurred in Mississippi; it is undisputed that the pond-level actions causing Eagle's alleged damages unfolded there; none of the operative facts occurred in this forum; local residents here would be summoned to judge something that happened several states away; it seems reasonably likely that *some* locally hired labor witnesses must testify in support of the pond-level-control issue that forms the centerpiece of Eagle's case; and this forum has no particular local interest in the outcome of this case. *See, e.g., Bascom*, 534 F.Supp.2d at 705 (local interest in adjudicating local disputes weighed heavily in favor of transfer of venue in plaintiff's negligence and wrongful death action against corporation; accident occurred in transferee forum, person who was injured and subsequently died was resident of transferee forum, none of operative facts occurred in original forum, original forum had no particular local interest in outcome of case, and it would have been unfair to burden residents of original forum with jury duty in case with which their community had no relation).

---

[6] Tronox must do more than "make a general allegation that certain key witnesses are needed. It must specifically identify the key witnesses and outline the substance of their testimony." *Hills*, 2008 WL 243944 at * 5 (quotes and cites omitted).

Tronox therefore has met its § 1404(a) burden by showing that the Northern District of Mississippi is clearly the more convenient forum for the parties and witnesses, and in the interests of justice. The Court thus grants Tronox's motion (doc. # 4) to transfer venue there.

## III. CONCLUSION

Accordingly, the Court *GRANTS* defendant Tronox, LLC's venue-transfer motion (doc. # 4) and therefore *TRANSFERS* this case to the United States District Court for the Northern District of Mississippi, Aberdeen Division.

This __29__ day of April, 2008.


_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA